**Sarah Louise HEARN, Petitioner,**

v.

**Elton Floyd JAMES, Warden, Georgia Women's Correctional Institution, Respondent.**

No. 81–7808
Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

June 4, 1982.

Philip B. Spivey, Milledgeville, Ga., for petitioner.

Nicholas G. Dumich, Asst. Atty. Gen., Atlanta, Ga., for respondent.

Before TUTTLE, RONEY and CLARK, Circuit Judges.

CLARK, Circuit Judge:

Sarah Louise Hearn appeals from the district court's denial of her petition for a writ of habeas corpus. We affirm.

Petitioner was indicted for murder by a Muscogee County, Georgia, grand jury in February 1977. Following a jury trial, she was convicted of voluntary manslaughter on April 29, 1977, and received a ten-year sentence. On direct appeal, petitioner's conviction and sentence were affirmed by the Georgia Court of Appeals. *Hearn v. State*, 145 Ga.App. 469, 243 S.E.2d 728 (1978). Petitioner thereafter filed an application for writ of certiorari in the Supreme Court of Georgia, and the application was denied.

On July 27, 1978, petitioner filed a petition for writ of habeas corpus in the Superior Court of Muscogee County, Georgia. This petition was denied on October 6, 1978. Petitioner's subsequent application for certificate of probable cause to appeal was denied by the Georgia Supreme Court on October 30, 1978.

On May 14, 1980, petitioner filed a second petition for writ of habeas corpus, this time in the Superior Court of Baldwin County, Georgia. The petition was denied on August 7, 1980, and the Georgia Supreme Court denied petitioner's application for certificate of probable cause to appeal on May 7, 1981.

On July 9, 1981, petitioner filed a petition for writ of habeas corpus in the United States District Court for the Middle District of Georgia. Petitioner raised two issues in the district court. First, she alleged that the trial court's instructions to the jury created a presumption on the issue of intent, an essential element of murder, thereby shifting the burden of proof to petitioner on that issue in violation of the due process clause of the fourteenth amendment. Second, petitioner alleged that she was denied due process because the trial court erroneously prohibited her from introducing evidence of prior specific acts of violence by the victim, such evidence being relevant to petitioner's claim of self-defense.

The district court, without conducting an evidentiary hearing, determined that petitioner's claims were unmeritorious and denied relief on September 3, 1981. Petitioner then timely filed her notice of appeal. The district court issued a certificate of probable cause to appeal on October 6, 1981, and the case is now properly before this court for determination pursuant to 28 U.S.C. § 2253. On this appeal, petitioner raises the same two issues presented to the district court. Finding that the district court correctly decided both issues, we affirm the denial of petitioner's habeas corpus petition.

■ Petitioner's first contention is that the trial court's instructions to the jury created a presumption on the issue of intent, which is an essential element of murder under Georgia law. *See* Ga.Code Ann. § 26-1101; *Mason v. Balkcom*, 669 F.2d 222, 224 (5th Cir. 1982). Petitioner argues that this instruction shifted the burden of proof to her on this element of the crime charged, thus relieving the prosecution of its constitutional burden of proving every

element of the crime beyond a reasonable doubt. *See Sandstrom v. Montana*, 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979); *In re Winship*, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). The challenged instructions read as follows:

Ladies and gentlemen, a crime is a violation of a statute of this State in which there shall be a union or joint operation of act and intention. A person will not be presumed to act with criminal intention, but the triers of fact, and that is the jury, may find such intention in consideration of the words, conduct, demeanor, motive and all of the circumstances connected with the fact for which the accused is prosecuted. A specific intent to commit the crime charged in the indictment is an essential element that the State must prove beyond a reasonable doubt. Intent is also a question for the jury and is ordinarily ascertained by acts and conduct. Intent may be shown in many ways, provided the jury finds that it existed from the evidence produced before them. It may be inferred from the proven circumstances or by acts and conduct, or *it may be presumed when it is the natural and necessary consequence of the act.* (Emphasis supplied.)

Petitioner is correct in her assertion that the emphasized portion of the challenged instructions is very similar to the instruction declared unconstitutional in *Sandstrom*. Had petitioner been convicted of murder, we might very well conclude that the challenged instructions deprived her of due process. *See Mason v. Balkcom*, 669 F.2d 222 (5th Cir. 1981). Petitioner was convicted not of murder, however, but rather of voluntary manslaughter, which under Georgia law requires no proof of specific intent to kill. *See* Ga.Code Ann. § 26–1102.[1] Therefore, even though the instruc-

tions at issue may have relieved the state of its burden of proving an essential element of the crime *charged* (murder), the crime for which petitioner was *convicted* (voluntary manslaughter) does not require proof of that element and thus the error must be declared harmless beyond a reasonable doubt.

■ "[B]efore a federal constitutional error can be held harmless, the court must be able to declare a belief that it was harmless beyond a reasonable doubt." *Chapman v. California*, 386 U.S. 18, 24, 87 S.Ct. 824, 828, 17 L.Ed.2d 705 (1967). In making this determination, the test is whether the error might have contributed to the conviction. *Id.* at 23, 87 S.Ct. at 827; *Mason v. Balkcom*, 669 F.2d at 226. The instruction challenged here, even if erroneous, could not have contributed to petitioner's conviction because it shifted the burden, if at all, on an element not required for conviction of voluntary manslaughter. Therefore, the error, if any, was harmless beyond a reasonable doubt, *see Holloway v. McElroy*, 632 F.2d 605 (5th Cir. 1980), *cert. denied*, 451 U.S. 1028, 101 S.Ct. 3019, 69 L.Ed.2d 398 (1981), and petitioner's first contention must be rejected.

■ Petitioner's second contention is that the trial court erroneously prohibited her from introducing evidence of prior specific acts of violence by the victim, thus denying her due process because such evidence was relevant to petitioner's claim of self-defense. Prior to trial, the state filed a motion seeking to prevent the defense from introducing evidence of the victim's general bad character. The trial court granted the motion and instructed defense counsel "not to go into questions of general bad character under the guise of calling it something

1. Georgia's voluntary manslaughter statute, Ga.Code Ann. § 26–1102, provides in pertinent part as follows:

A person commits voluntary manslaughter when he causes the death of another human being, under circumstances which would otherwise be murder, if he acts solely as the result of a sudden, violent, and irresistible passion resulting from serious provocation

sufficient to excite such passion in a reasonable person; however, if there should have been an interval between the provocation and the killing sufficient for the voice of reason and humanity to be heard, of which the jury in all cases shall be the judge, the killing shall be attributed to deliberate revenge and be punished as murder. . . .

else." Petitioner claims that this ruling prevented her from introducing evidence of specific acts of violence by the victim contrary to the recent Georgia case of *Milton v. State*, 245 Ga. 20, 262 S.E.2d 789 (1980).

In *Milton*, the Georgia Supreme Court held that

> where the defendant has made a prima facie showing of the basis for a reasonable belief that the deceased was reaching for a firearm with the present intention of using it to carry out a death threat recently communicated by the deceased to the defendant, the defendant is entitled to introduce into evidence his own testimony and that of his witnesses to prove specific instances in which the deceased had used a firearm or other weapon or objects to assail him.

245 Ga. at 26, 262 S.E.2d at 793–94. Unlike *Milton*, in this case the petitioner was prohibited from introducing evidence of the victim's *general* bad character, not prior *specific* acts of violence. Thus, *Milton* is inapposite.

 Notwithstanding the fact that the trial judge's ruling by its express terms prohibited only the introduction of evidence concerning the victim's *general* bad character, our review of the record on appeal shows that the state habeas court reviewed the trial transcript and found that the petitioner and other witnesses in fact testified as to specific prior threats and attacks by the victim upon the petitioner. A federal habeas court is required by 28 U.S.C. § 2254(d) to accord a presumption of correctness to state court factual findings unless the federal habeas court finds either that one of the seven conditions set forth in § 2254(d) exists or that the state finding is not fairly supported by the record. *Sumner v. Mata*, 449 U.S. 539, 101 S.Ct. 764, 66 L.Ed.2d 722 (1981). The burden of establishing either alternative rests with the petitioner, *id.*, and the petitioner in this case has failed to carry that burden. Thus, we find no merit in petitioner's contention.

For the reasons expressed in this opinion, the judgment of the district court denying the petition for writ of habeas corpus is affirmed.

AFFIRMED.