**Henry Anderson REID, Jr., Petitioner,**

v.

**Calvin GREEN, Warden, Wayne Correctional Institution, Respondent.**

Civ. A. No. C82-606A.

United States District Court,
N.D. Georgia,
Atlanta Division.

Oct. 22, 1982.

Henry Anderson Reid, Jr., pro se.

W. Davis Hewitt, Atlanta, Ga., for respondent.

## ORDER

HOOPER, Senior District Judge.

Henry Anderson Reid, Jr., is currently incarcerated at the Wayne Correctional Institute in Odum, Georgia, serving a fifteen (15) year sentence imposed upon him by the Superior Court of Dekalb County, Georgia, on October 12, 1977, following his conviction by a jury for the offense of voluntary manslaughter. On direct appeal, Petitioner's conviction and sentence were affirmed by the Georgia Court of Appeals. *Reid v. State,* 148 Ga.App. 138, 251 S.E.2d 3 (1978).

Petitioner filed a petition for writ of habeas corpus in the Superior Court of Wayne County, Georgia. An evidentiary hearing was held on September 2, 1980, and the petition was denied on November 15, 1980. Petitioner then filed a second petition for writ of habeas corpus in the Superior Court of Wayne County, Georgia. An evidentiary hearing was held on December 15, 1981, and was denied on December 30, 1981.

Petitioner has filed this writ of habeas corpus under 28 U.S.C. § 2254 (1976) challenging his state court conviction on four (4) grounds: (1) that the trial court erred in refusing to let his counsel read law in the presence of the jury; (2) that the trial court erred in giving the jury an unconstitutional burden-shifting charge; (3) that the trial court erred in not instructing the jury on perjury; and (4) that the trial court erred in not instructing the jury on the issue of self-defense. Respondent admits that Petitioner has exhausted all available state remedies as required under 28 U.S.C. § 2254(b) (1976).

It is apparent from an examination of the entire record that Petitioner received a full and fair hearing at the state level. Where a habeas petitioner has received a full and fair hearing at the state level and the petitioner alleges no new facts, the district court is not required to hold an evidentiary hearing. *Townsend v. Sain,* 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963); *Brown v. Jernigan,* 622 F.2d 914, 916 (5th Cir. 1980), *cert. denied* 449 U.S. 958, 101 S.Ct. 368, 66 L.Ed.2d 224 (1980); *Carver v. Wharton,* 532 F.Supp. 512, 514 (1982). An evidentiary hearing is not required in the instant case.

Petitioner's first contention is that the trial court erred in refusing to let his counsel read law in the presence of the jury. Apparently the trial court did this based on Superior Court Rule 19 (Ga.Code Ann. § 24–3319 (1981)) which recites that "counsel shall not be permitted, in the argument of criminal cases, to read to the jury recitals of fact or the reasoning of the court as applied thereto, in decisions by the Supreme Court or Court of Appeals." The federal courts "do not sit as a 'super' state supreme court" in a habeas corpus proceeding to review errors under state law. *Mendiola v. Estelle,* 635 F.2d 487, 491 (5th Cir. 1981). Violations of state procedural rules are not cognizable under federal habeas corpus unless the violations complained of render a trial fundamentally unfair. See *Bryson v. Alabama,* 634 F.2d 862 (5th Cir. 1981). A review of the record indicates that the alleged error did not render Petitioner's trial fundamentally unfair. Additionally, a federal court is bound by a state court's interpretation of its own procedural rules. *Bronstein v. Wainwright,* 646 F.2d 1048 (5th

Cir. 1981). The Georgia Court of Appeals found that the Petitioner's counsel "failed to raise a proper objection to the trial court's ruling that he could not read case law in the jury's presence, and his objection for the first time on appeal presents nothing for our review." *Reid,* 148 Ga.App. 138, 251 S.E.2d at 4 (1978). Petitioner's first contention must therefore be rejected.

Petitioner's second contention is that the trial court erred in charging the jury that the law presumes that a person intends to accomplish the natural and probable consequences of his acts in that the charge was burden-shifting, and that the court erred in failing to charge that this presumption could be rebutted. On its face, this contention must be rejected as it is apparent from the transcript (See Trial Transcript at 182, 192) that the trial court did indeed charge that this presumption may be rebutted.

However, liberally interpreting this *pro se* petition, see *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1971) (per curiam); *Dupart v. United States,* 541 F.2d 1148, 1150 (5th Cir. 1976); *Haggard v. Alabama,* 494 F.2d 1187, 1189 (5th Cir. 1974), the gravamen of Petitioner's contention is that "the trial court's instructions to the jury created a presumption on the issue of intent, which is an essential element of murder under Georgia law, see Ga.Code Ann. § 26–1101 (1977); *Mason v. Balkcom,* 669 F.2d 222, 224 (5th Cir. 1982), and that this instruction shifted burden of proof to him on this element of the crime charged, thus relieving the prosecution of its constitutional burden of proving every element of the crime beyond a reasonable doubt." *Hearn v. James,* 677 F.2d 841, 842–43 (11th Cir. 1982); see *Sandstrom v. Montana,* 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979); *In re Winship,* 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). The challenged instructions read as follows:

I charge you further, ladies and gentlemen of the jury, that the law presumes that a person intends to accomplish the natural and probable consequences of his act. If a person uses a deadly weapon or instrument in the manner in which such weapon or instrumentality is ordinarily employed to produce death and thereby causes the death of a human being, the law presumes the intent to kill. This presumption may be rebutted. (Trial Transcript at 182).

This charge is very similar to the instruction declared unconstitutional by *Sandstrom,* 442 U.S. at 513, 99 S.Ct. at 2453. Had Petitioner been convicted of murder, then there would be some question that the challenged instructions deprived him of due process. *Hearn,* 677 F.2d at 843; see *Mason,* 669 F.2d 222 (5th Cir. 1982). However, Petitioner was not convicted of murder, but rather of voluntary manslaughter, which under Georgia law requires no proof of specific intent to kill. *Hearn,* 677 F.2d at 843. See Ga.Code Ann. § 26–1102 (1977).[1] "Therefore, even though the instructions at issue may have relieved the state of its burden of proving an essential element of the crime *charged* (murder), the crime for which Petitioner was *convicted* (voluntary manslaughter), does not require proof of that element and thus the error must be declared harmless beyond a reasonable doubt." *Hearn,* 677 F.2d at 843.

"[B]efore a federal constitutional error can be held harmless, the court must be able to declare a belief that it was harmless beyond a reasonable doubt." *Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 828, 17 L.Ed.2d 705 (1967). In making this determination, the test is whether the error

---

1. Georgia's voluntary manslaughter statute, Ga.Code Ann. § 26–1102 (1977), provides in pertinent part as follows:

   A person commits voluntary manslaughter when he causes the death of another human being, under circumstances which would otherwise be murder, if he acts solely as a result of a sudden, violent, and irresistible passion resulting from serious provocation sufficient to excite such passion in a reasonable person; however, if there should have been an interval between the provocation and the killing sufficient for the voice of reason and humanity to be heard, of which the jury in all cases shall be the judge, the killing shall be attributed to deliberate revenge and be punished as murder...

might have contributed to the conviction. *Chapman,* 386 U.S. at 23, 87 S.Ct. at 827; *Hearn,* 677 F.2d at 843; *Mason,* 669 F.2d at 226. "The instruction challenged here, even if erroneous, could not have contributed to Petitioner's conviction because it shifted the burden, if at all, on an element not required for conviction of voluntary manslaughter." *Hearn,* 677 F.2d at 843. Therefore, the error, if any, was harmless beyond a reasonable doubt, *Hearn,* 677 F.2d at 843; see *Holloway v. McElroy,* 632 F.2d 605 (5th Cir. 1980), *cert. denied,* 451 U.S. 1028, 101 S.Ct. 3019, 69 L.Ed.2d 398 (1981), and Petitioner's second contention must be rejected.

■ Petitioner's third contention is that the trial court erred in not instructing the jury on perjury. Petitioner alleges that the testimony of a state witness was perjured. "In order for perjury by a witness to constitute grounds for the grant of a habeas corpus writ it would have to be shown that the state knowingly used the perjured testimony." *Skipper v. Wainwright,* 598 F.2d 425, 427 (5th Cir.), *cert. denied,* 444 U.S. 974, 100 S.Ct. 469, 62 L.Ed.2d 389 (1979), citing *Giglio v. United States,* 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972); *Braxton v. Estelle,* 641 F.2d 392, 395 (5th Cir. 1981). A careful examination of the entire record of proceeding shows that Petitioner has "completely failed to support his claim with any evidence that there was either perjured testimony or knowing use of perjured testimony by the state." *United States v. Jones,* 614 F.2d 80, 82 (5th Cir.) *cert. denied,* 446 U.S. 945, 100 S.Ct. 2174, 64

L.Ed.2d 801 (1980); *Braxton,* 641 F.2d at 395. Petitioner's third contention must therefore be rejected.

■ Petitioner's fourth contention is that the trial court erred in not instructing the jury on the issue of self-defense. It is apparent from a review of the record that this allegation is totally without merit as the jury was twice instructed on the issue of self-defense. See Trial Transcript at 185–6, 192–3.[2] Therefore, Petitioner's fourth contention must be rejected.

For the foregoing reasons and authority, it is ORDERED that the petition for habeas corpus be and the same is hereby DISMISSED.

---

2. The trial court's charge to the jury on the issue of self-defense reads as follows:

> . . . In this connection, ladies and gentlemen of the jury, I charge you that a person is justified in threatening or using force against another when and to the extent that he reasonably believes that such threat or force is necessary to defend himself against such other's imminent use of unlawful force. However, a person is justified in using force which is intended or likely to cause death or great bodily harm only if he reasonably believes that such force is necessary to prevent death or great bodily harm or injury to himself or the commission of a forcible felony. If you believe that the defendant did shoot and kill the deceased as alleged in the bill of indictment, but if you believe that he did so in defense of his own person against a violent assault sought to be inflicted upon him by the deceased, then you should acquit the defendant. If upon consideration of all the facts and circumstances as they existed at the time of the homicide this defendant as a reasonable man believed it necessary to take the life of the deceased in order to save his own life or in order to prevent the commission of a felonious assault upon his person and in good faith acted under the influence of those fears and not in a spirit of revenge, he would be justified.

(Trial Transcript at 185–6).
This charge was again repeated to the jury at their request. (Trial Transcript at 192–3).