Edward JOHNSON, Petitioner-Appellant,

v.

Charles BALKCOM, Warden, Georgia State Prison, Reidsville, Georgia, Respondent-Appellee.

No. 81-7300.

United States Court of Appeals, Eleventh Circuit.

Jan. 17, 1983.

Jay L. Strongwater, Asst. Federal Public Defender, Michael K. McIntyre, Atlanta, Ga., for petitioner-appellant.

Mary Beth Westmoreland, Asst. Atty. Gen., Atlanta, Ga., for respondent-appellee.

Before HENDERSON and CLARK, Circuit Judges, and TUTTLE, Senior Circuit Judge.

CLARK, Circuit Judge:

Edward Johnson appeals from the district court's order dismissing his petition for writ of habeas corpus. We affirm.

Johnson was indicted on July 29, 1977, in the Superior Court of Gwinnett County, Georgia, for the offense of armed robbery. He entered a plea of not guilty. Following a jury trial, Johnson was convicted on September 12, 1977, and was sentenced to twenty years imprisonment.

Johnson did not pursue a direct appeal from his conviction. After the time limit for direct appeal had expired, Johnson filed a state habeas petition alleging that he was the victim of ineffective assistance of counsel because his court-appointed trial counsel, James L. Hardigg, failed to advise him of his right to appeal and of the time limit for taking the appeal. The state habeas court denied relief, finding that Johnson had been informed of his rights regarding appeal, but had instructed counsel not to pursue an appeal. Johnson's subsequent application for certificate of probable cause was denied by the Georgia Supreme Court.

Johnson filed a *pro se* habeas petition in federal district court on May 2, 1980, raising, *inter alia,* the ineffective assistance of counsel claim. The district court appointed the Federal Defender Program to represent Johnson in the habeas proceedings. An evidentiary hearing before a federal magistrate was held on September 22, 1980. After hearing testimony from Johnson and his trial counsel, Mr. Hardigg, the magistrate issued a report and recommendation to the effect that Johnson's petition should be dismissed.

On December 11, 1980, Johnson submitted objections to the magistrate's report. Johnson not only challenged the magistrate's findings on the ineffective assistance of counsel claim, but also asserted for the first time that certain instructions to the jury were unconstitutional. On March 23, 1981, the district court adopted the magistrate's report and recommendation on the ineffective assistance of counsel claim, rejected Johnson's unconstitutional instruction claim on the merits, and dismissed the habeas petition on all grounds. The district court thereafter issued a certificate of probable cause and granted Johnson's motion to proceed *in forma pauperis.* Johnson now appeals from the district court's order dismissing his habeas petition.

Johnson raises two issues on this appeal, claiming that the district court erred by rejecting his claims regarding both ineffective assistance of counsel and the challenged jury instruction. Before addressing these issues, however, we first must confront another question presented due to the procedural posture of this case. Because Johnson never raised the jury instruction issue before the state courts either on direct appeal or in his state habeas proceedings, we are faced with a "mixed" habeas petition, *i.e.,* one in which only one of Johnson's two claims have been exhausted in the state courts. In a recent opinion, *Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), decided March 3, 1982, the United States Supreme Court held that, in the interest of comity, federal district courts are required to dismiss any

habeas petition containing both exhausted and unexhausted claims. We must decide whether to apply *Rose v. Lundy* retroactively to a district court order dismissing Johnson's petition on March 23, 1981, appealed to this court which heard oral argument on February 2, 1982.

Since we affirm the district court's dismissal of the petition for the writ, we find it illogical and impracticable to apply *Rose v. Lundy* retroactively in this case. The opinion in *Lundy* stressed comity and economy of judicial effort. Since neither the district court nor our court is holding in this case that the State of Georgia denied Johnson one of his constitutional rights, no violence is being done to the principle of comity. Further, judicial economy suggests we terminate this case at this point. It would be fruitless to refer the case back to the state court to permit Johnson to urge this jury instruction issue. It would waste the state court's time. Johnson would then repeat his useless journey through the federal system. *Lundy* requires district courts to dismiss "mixed" petitions. However, it does not require us to retroactively apply its holding under these circumstances.

■ Johnson's first contention is that his failure to take a timely direct appeal was due to ineffective assistance of counsel because his court-appointed counsel failed to advise him of his right to appeal, the time limitations for filing an appeal, and his right to appointed counsel on appeal, thus entitling Johnson to habeas relief under *Lumpkin v. Smith*, 439 F.2d 1084 (5th Cir. 1971). The state habeas court made the following findings of fact with regard to Johnson's claim:

> This Court specifically finds that Petitioner's retained trial attorney, Mr. Hardigg, fully explained to Petitioner, after imposition of sentence, his opportunities for appeal, motion for new trial, and sentence review. The court finds that Petitioner was also advised of his right to have counsel appointed to assist him with his appeal. As reflected by the transcript of the sentencing hearing, Petitioner was also advised by the trial judge of his right to appeal.

> The court finds that Petitioner did not request, within the time allowed by law, that his attorney file an appeal in his behalf, although Petitioner was aware of the time limits for an appeal. Petitioner did request that his attorney file a motion for new trial in his behalf. Mr. Hardigg did file a motion for new trial in Petitioner's behalf, which was overruled, and the attorney subsequently filed an application for sentence review on behalf of Petitioner. This Court finds that Petitioner was aware of the right to have his case reviewed by an appellate court, and that he did not exercise that right....

Record, Vol. I, at 273. "A federal habeas court is required by 28 U.S.C. § 2254(d) to accord a presumption of correctness to state court factual findings unless the federal habeas court finds either that one of the first seven conditions set forth in § 2254(d) exists or that the state finding is not fairly supported by the record. *Sumner v. Mata*, 449 U.S. 539, 101 S.Ct. 764, 66 L.Ed.2d 722 (1981). The burden of establishing either alternative rests with the petitioner...." *Hearn v. James*, 677 F.2d 841, 844 (11th Cir.1982). Johnson has failed to carry that burden, and thus we must accept the state habeas court's factual findings. Additionally, the United States District Court appointed a magistrate to conduct a hearing with respect to Johnson's petition and also appointed counsel to represent Johnson in connection with the proceeding in the district court. The magistrate took evidence from Johnson and his trial counsel, Hardigg. The magistrate recommended to the district court that the petition be denied and specifically found that Hardigg had adequately informed Johnson of his appellate rights. Based on those findings, we hold that Johnson's failure to pursue a timely direct appeal was not due to ineffective assistance of counsel.

■ Johnson's second contention is that certain instructions to the jury raised a presumption on the issue of intent, thereby relieving the state of its burden of proving beyond a reasonable doubt every element of

the crime charged. Johnson was convicted of armed robbery, one element of which is intent to commit theft. *See* Ga.Code Ann. § 26–1902.[1] The trial court's charge to the jury contained the following instructions:

> I charge you that a person of a sound mind and discretion is presumed—I charge you that the acts of a person of sound mind and discretion are presumed to be the product of that person's will. But this is a presumption which may be rebutted. And I charge you that person of sound mind and discretion is presumed to intend the natural and probable consequences of his acts. But this is a presumption that may be rebutted.

Record, Vol. I, at 158. Johnson maintains that these instructions shifted the burden of persuasion to him on an essential element of the offense of armed robbery and therefore are unconstitutional under *Sandstrom v. Montana,* 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979). The district court held that the challenged instructions created at most only a permissive inference rather than a presumption of intent, and thus were not unconstitutional under *Sandstrom.* The district court also found that even if the instructions raised a presumption of intent, the error was harmless because the · evidence of Johnson's guilt was overwhelming. We need not decide whether the challenged instructions are invalid under *Sandstrom* because we agree with the district court that the error, if any, was harmless beyond a reasonable doubt. An unconstitutional, burden-shifting instruction can be declared harmless beyond a reasonable doubt "where the evidence of guilt is so overwhelming that the error could not have been a contributing factor in the jury's decision to convict." *Mason v. Balkcom,* 669 F.2d 222, 227 (5th Cir.1982). *See Harrington v. California,* 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969). Our review of the record shows that the evidence of Johnson's guilt was overwhelming, and we find that the challenged instruction, even if errone-

ous, could not have been a contributing factor in the jury's decision to find Johnson guilty. Therefore, we hold that any error regarding the challenged instructions was harmless beyond a reasonable doubt.

For the reasons expressed in this opinion, the district court's order dismissing Johnson's petition for writ of habeas corpus is affirmed.

AFFIRMED.

---

1. Georgia Code Ann. § 26–1902 provides in pertinent part:

   A person commits armed robbery when, *with intent to commit theft,* he takes property of another from the person or the immediate presence of another by use of an offensive weapon. . . .
   (emphasis added).