Floyd COLEMAN, Petitioner–Appellant,

v.

Charlie JONES, Warden and The Attorney General of the State of Alabama, Respondents–Appellees.

No. 88–7496.

United States Court of Appeals, Eleventh Circuit.

Aug. 17, 1990.

John L. Segal, Mitchell, Silberberg & Knupp, Los Angeles, Ca., for petitioner-appellant.

Don Siegelman, Atty. Gen., P. David Bjurberg, Asst. Atty. Gen., PCR Section, Montgomery, Ala., for respondents-appellees.

Before CLARK, Circuit Judge, MORGAN and RONEY *, Senior Circuit Judges.

RONEY, Senior Circuit Judge:

In 1983, Floyd Coleman was convicted and sentenced to life without parole for robbery-murder under § 13–11–2(a)(2), Code of Alabama 1975.[1] The district court denied his second federal petition for writ of habeas corpus, which alleged that an instruction on malice improperly shifted the burden of proof to him, and ineffective assistance of counsel. We affirm.

Under § 13–11–2(a)(2), an accused may be indicted for the crime of robbery with the aggravating circumstance of an intentional killing. Known as a robbery-murder, the crime is one of several capital offenses as set forth in § 13A–5–40, which merit the death penalty or life imprisonment without parole in Alabama. To sustain a conviction, both the intentional killing and the robbery must be proven, and such proof constitutes one offense. *See Clements v. State,* 370 So.2d 708, 714 n. 5 (Ala.Cr.App.1978), *affirmed in part, reversed in part by,* 370 So.2d 723 (Ala.1979), *overruled on other grounds, Beck v. State,* 396 So.2d 645 (Ala.1980).

The owner of a Radio Shack was shot in the stomach by Coleman with a sawed-off shotgun after he delivered the contents of a cash register to Coleman during a hold-up. The victim was reported as saying, "I gave him the money and I don't know why he had to shoot me." Coleman contends that the 1976 shooting was accidental and that he intended no more than a robbery. The conviction was affirmed on appeal, *Coleman v. State,* 487 So.2d 1380 (Ala.Cr. App.1986), and a petition for error coram nobis was denied by the State court in 1987.[2]

The jury was instructed that murder in the first degree is a lesser included offense of the capital crime with which Coleman was charged. *Beck,* 396 So.2d at 647 (citing *Beck v. Alabama,* 447 U.S. 625, 100 S.Ct. 2382, 65 L.Ed.2d 392 (1980) (verdict of guilt of capital offense may not be imposed when the jury is not permitted to consider a verdict of guilt of a lesser included offense if evidence would support such a verdict)). Murder in the first degree was defined to the jury as the willful, deliberate, malicious, and premeditated killing of a human being, requiring the coexistence of all four elements. This is not a capital offense under Alabama law. Subject to the statutory provisions of § 13A–5–41, first degree murder may be a lesser included offense of the capital offenses.

In instructing the jury on the malice component of the lesser included offense of first degree murder, the trial court gave the following instruction which Coleman contends impermissibly shifted the burden

---

* *See* Rule 34–2(b), Rules of the U.S. Court of Appeals for the Eleventh Circuit.

1. Enacted in 1975, this provision was recodified without changes as § 13A–5–31(a)(2) (effective June 1, 1979), and repealed July 1, 1981; however the repeal does not affect the application of preexisting law to conduct occurring before the effective date of the Act. A new death penalty statute was enacted by the legislature in 1981 and is codified as § 13A–5–39 through 13A–5–59. *Coleman v. State,* 487 So.2d 1380, 1382 n. 1 (Ala.Cr.App.1986).

2. This petition raised (1) ineffective assistance of counsel; (2) improper jury instructions; and (3) suppression of in-court identification.

of proof under *Sandstrom v. Montana,* 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979).

> Now the law presumes malice from the use of a deadly weapon, unless the evidence which shows the killing also shows that it was done without malice.
>
> Let me repeat that for you. The law of the State of Alabama presumes malice because of the use of a deadly weapon. And I will state to you now that under the law of the State of Alabama a sawed-off shotgun is defined as a deadly weapon. So the law presumes malice from the use of a deadly weapon unless the evidence which shows the killing also shows that it was committed without malice.
>
> Now, whenever there is evidence of malice shown to the Jury beyond a reasonable doubt there can be no lesser degree of homicide than murder.

Although it does not figure in the decision of this case, we note that there was no objection to this instruction.

 Since the presumption of innocence extends to every element of a crime, shifting a burden of proof to a defendant as to any element of the crime violates due process because it relieves the State of proving each of its contentions beyond a reasonable doubt. The State concedes, so we need not decide, that this instruction violated this principle of due process as to the malice factor of first degree murder. The State argues, however, and the district court so held, that the error was harmless because defendant was not convicted of first degree murder. *Sandstrom,* 442 U.S. at 523, 99 S.Ct. at 2459; *Rose v. Clark,* 478 U.S. 570, 575 n. 3, 106 S.Ct. 3101, 3104 n. 3, 92 L.Ed.2d 460 (1986).

This Circuit has identified two situations in which a *Sandstrom* violation can be harmless: (1) If the instruction was applied to an element of the crime which was not at issue at the trial, and (2) if the evidence against the defendant was overwhelming. *Smith v. Newsome,* 876 F.2d 1461, 1467 (11th Cir.1989) (quoting *Davis v. Kemp,* 752 F.2d 1515, 1521 (11th Cir.1985) (en

banc). A proper corollary of these holdings would be that the error is harmless if the instruction does not apply to an element of a crime for which defendant was convicted. *Hearn v. James,* 677 F.2d 841, 843 (11th Cir.1982) (burden shifted concerned an element not related to offense for which defendant was convicted); *Holloway v. McElroy,* 632 F.2d 605, 617 (5th Cir.1980) (instruction on presumption of malice not relevant when defendant convicted of lesser crime which does not include malice as an element).

The complained of instruction did not, however, shift the burden of proof as to *intent.* On that issue, the jury received the following correct instruction:

> Now the capital offense is this: What makes it a capital offense if in during the course of this robbery, that the victim ... was intentionally killed.
>
> Now ... *Intent* means that at the time that a person acted, that they *intended* to do that which they did. So, first, if you find that in fact a robbery did take place and that the Defendant committed the robbery, and if in during the course of committing that robbery, he *intentionally killed* ... then the capital offense has been shown. (emphasis added).

Coleman contends that the improper instruction shifting the burden of proof as to *malice* infected the instruction concerning *intent.* In *Francis v. Franklin,* 471 U.S. 307, 105 S.Ct. 1965, 85 L.Ed.2d 344 (1985) the Supreme Court emphasized that when a specific portion of a jury charge contains a *Sandstrom* error, the potential effect of those words must be considered in the context of the charge as a whole. The error, however, must so infect the trial that the conviction is the result of a due process violation. *Cupp v. Naughten,* 414 U.S. 141, 94 S.Ct. 396, 38 L.Ed.2d 368 (1973).

A reading of the complete instructions on both crimes as set forth in the margin reflects the care the trial judge took in his explanations to the jury, and convinces us that there is no merit to this argument.[3] In our judgment, the jury would not have been misled by these instructions as to the

---

**3.** Now, Ladies and Gentlemen, this indictment sets out what is known as a capital offense. It

burden the government had of proving intent ·in the crime for which Coleman was convicted.

■ The district court's holding that the jury instruction on malice was harmless beyond a reasonable doubt must be affirmed. An erroneous instruction, harmless on the facts of the case, does not require a new trial. *Lancaster v. Newsome*, 880 F.2d 362, 367 (11th Cir.1989).

has been referred to as capital murder, it has been referred to as robbery-murder. But it is what is known as a capital offense.

Now, included in this indictment, and it is for your consideration, is what is known as a lesser included offense. I am going to charge you on what is known as the capital offense and the lesser included offense of which is murder in the first degree.

Now, it may surprise you that murder in the first degree is a lesser included offense of the capital offense. And I will try to explain that to you. The reason, one of the reasons for it is that the punishment is less and the punishment is different.

Now, a capital offense is this: And this offense and this indictment it alleges that during the course of a robbery that the victim was intentionally killed by the person committing the robbery. That is what this indictment alleges. A capital offense alleging a robbery is where the victim is intentionally killed by the person committing the robbery.

Now, to define the capital offense, of course, I have got to define what robbery is. Robbery is simply this: Robbery is the taking from another person, or from the presence of that person, personal property which would include money. And the taking must also be with the use of force or the threat of force or by putting that person in fear so that he was made to part with that property unwillingly.

Let me go back through it again. Robbery is the taking from a person, or from his presence, personal property, which would include money, with the intent to steal; and, taking it by force or putting that person in such fear as he was unwilling to part with it otherwise.

In other words, you were putting him in such fear that otherwise he wouldn't have parted with it. Now, there are essential elements to the crime of robbery. First, the use of force, the threat of force or violence or the means by which the person is put in fear. Second, the taking from that person or from the presence of that person this property, which include[s] money. And the third element is with the intent to steal. In other words, taking it without the intent [of] returning it back to that person.

Now, for you to find that a capital offense has in fact been committed, first you must find that a robbery did take place. In other words, the taking of the money that was the property of Joseph E. Garnem, from his person and against his will by violence to his person or by putting him in such fear as to unwillingly to part with the same. Those are the elements that set out the offense of robbery.

The taking from the person of Joseph Garnem; this money which was the property of Joseph Garnem, by violence to his person or putting him in such fear as unwillingly to part with the same. That set out the offense of robbery.

Now the capital offense is this: What makes it a capital offense if in during the course of this robbery, that the victim, Joseph E. Garnem, was intentionally killed.

Now intention, there is no magical definition to intention. Intention means that at the time that a person acted, that they intended to do that which they did. So, first, if you find that in fact a robbery did take place and that the Defendant committed the robbery, and if in during the course of committing that robbery, he intentionally killed Joseph E. Garnem, then the capital offense has been shown.

It must be shown to you beyond a reasonable doubt and to a moral certainty, as I have further stated to you.

Now, that sets out what is known as a capital offense. Now, that is the highest level of offense that we have in the State of Alabama, is a capital offense. And in this case it is the intentional killing of the victim during the course of a robbery.

. . . .

Murder in the first degree is a lesser included offense of the capital offense. Now, murder in the first degree is the willful, deliberate, malicious and premeditated killing of a human being. Now, malice, willfulness, premeditation and deliberation must all coexist before the Defendant can be convicted of murder in the first degree. Malice, willfulness, premeditation and deliberation.

Now, willfulness, as an ingredient of murder in the first degree, means governed by the will without yielding to reason. It means intention. Malice does not necessarily mean hate or ill will, but is defined as unlawful act willingly done without just cause or legal excuse.

Now, it would be that mental state or condition which would make one do an unlawful act without legal justification.

Now, the law presumes malice from the use of a deadly weapon, unless the evidence which shows the killing also shows that it was done without malice.

Let me repeat that for you. The law of the State of Alabama presumes malice because of the use of a deadly weapon. And I will say to you now that under the law of the State of Alabama a sawed-off shot gun is defined as a deadly weapon. So the law presumes malice from the use of a deadly weapon unless the evidence which shows the killing also shows that it was committed without malice. R. 779–82.

Although Coleman correctly contends that intent was an issue because of witness testimony to the effect that the killing was an accident, under this correct instruction, however, *Redman v. Dugger*, 866 F.2d 387 (11th Cir.1989), the jury found Coleman guilty of intentional murder during a robbery.

■ Based on this same rationale, Coleman's claim of ineffective assistance of counsel because of failure to object to or appeal the malice instruction must fail. Viewing the record as a whole, and considering the standard for effective assistance of counsel as established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the district court correctly denied relief on the ineffective assistance of counsel claims based on alleged failure to raise on appeal a claim based on *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).

■ Claims previously raised by Coleman in his first petition for writ of habeas corpus need not be entertained by the court, so there was no error in dismissing those claims. *Allen v. Newsome*, 795 F.2d 934, 937 n. 7 (11th Cir.1986) (statutory authority exists for dismissal of successive petitions based on claims previously heard); *Witt v. Wainwright*, 755 F.2d 1396, 1397 (11th Cir.), *cert. denied*, 470 U.S. 1039, 105 S.Ct. 1415, 84 L.Ed.2d 801 (1985) (if ground previously addressed, petitioner must demonstrate reconsideration would serve ends of justice defined by whether full and fair hearing was had on first petition and intervening change in facts or applicable law). *See also Bass v. Wainwright*, 675 F.2d 1204 (11th Cir.1982) (discussing new inquiry into previously asserted grounds).[4]

This decision makes it unnecessary to entertain the State's argument that the petition should have been dismissed as an abuse of the writ, and that petitioner's claims are procedurally barred.

AFFIRMED.

---

4. Coleman's first federal petition for writ of habeas corpus, denied on the merits in 1986, asserted a general denial of due process at trial, and a particular denial of due process (1) by admittance of prior robbery evidence; (2) insufficient corroboration of accomplice testimony; and (3) in-court identification. Coleman's 1987 petition realleges insufficient evidence related to in-court identification and uncorroborated accomplice testimony, and denial of due process by reason of the in-court identification. Only the third and fourth grounds, a constitutionally defective jury instruction and ineffective assistance of counsel, were considered by the court.