**Julian Lionel SCOTT, Plaintiff-Appellant,**

v.

**UNITED STATES of America, Defendant-Appellee.**

No. 78–3456
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

July 5, 1979.

---

\* Rule 18, 5th Cir.; *See Isbell Enterprises, Inc. v. Citizens Casualty Co.,* 5th Cir., 1970, 431 F.2d 409, 410–414.

Bobby L. Hill, Atlanta, Ga., for plaintiff-appellant.

William L. McCulley, Dept. of Justice, Atlanta, Ga., for defendant-appellee.

Before AINSWORTH, GODBOLD and VANCE, Circuit Judges.

PER CURIAM:

Julian Lionel Scott seeks relief under 28 U.S.C. § 2255 from his federal conspiracy and gambling convictions.[1] His petition alleges that he was denied effective assistance of counsel because his attorney also represented five of Scott's codefendants at trial. The district court denied relief. We affirm.

■ Although multiple representations are not per se ineffective, *United States v. Smith,* 550 F.2d 277 (5th Cir.), *cert. denied,* 434 U.S. 841, 98 S.Ct. 138, 54 L.Ed.2d 105 (1977), "whenever a trial court improperly requires joint representation over timely objection reversal is automatic." *Holloway v. Arkansas,* 435 U.S. 475, 488, 98 S.Ct. 1173, 1181, 55 L.Ed.2d 426 (1978). Here, however, Scott did not timely object to joint representation. We cannot, then, presume prejudice; instead, Scott must allege facts which show an actual conflict of interest in order for relief to be granted. *See Zuck v. Alabama,* 588 F.2d 436 (5th Cir. 1979); *Foxworth v. Wainwright,* 516 F.2d 1072 (5th Cir. 1975). Scott failed to meet this burden even though the district court afforded him an opportunity to particularize his allegations before ruling on the petition for habeas corpus. Scott's assertions are speculative at best. The writ of habeas corpus was properly denied.

■ Scott also argues that the district judge erred in failing to hold an evidentiary hearing. Contrary to his assertions, however, the right to a hearing is not established simply by filing a petition under 28 U.S.C. § 2255. When claims for habeas relief are based on unsupported generalizations, a hearing is not required. *See United States v. Guerra,* 588 F.2d 519 (5th Cir. 1979).

AFFIRMED.

---

1. Scott was found guilty of violating 18 U.S.C. §§ 371, 1955.