**Joe Eugene SKIPPER,
Petitioner-Appellant,**

v.

**Louie L. WAINWRIGHT, etc.,
Respondent-Appellee.**

**No. 78–3497
Summary Calendar.\***

United States Court of Appeals,
Fifth Circuit.

July 6, 1979.

---

See Southern Airways Co. v. DeKalb County, 102 Ga.App. 850, 859–860, 118 S.E.2d 234 (1960).

\* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

Before GOLDBERG, RONEY and TJO-FLAT, Circuit Judges.

PER CURIAM.

Joe Eugene Skipper filed in federal district court a pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 alleging numerous flaws in his state court conviction for the crime of carrying a concealed weapon. The court dismissed his petition, without evidentiary hearing, for failure to state a federal constitutional claim.

Skipper raises the following grounds in this appeal:

(1) lack of certified counsel at trial

(2) illegal search and seizure

(3) alleged perjury by a witness

(4) prosecutorial misconduct

(5) ineffective assistance of counsel on motion to vacate

(6) due process violation in misapplication of state criminal law

(7) failure of district court to appoint counsel and hold a hearing.

■ (1) *Lack of counsel at trial.* Skipper contends that he was represented at trial by a legal intern in the public defender's office named Leonard Cooperman, who was not a member of the Florida bar. The record is inconclusive on this question insofar as there appear to be two Leonard Cooperman's practicing law in Florida—one was a lawyer at the time of Skipper's trial, the other was not. Skipper claims he was represented by the non-lawyer, and the state contends, but does not show, that he was not. Therefore we think it best to vacate the judgment of the district court on this issue and remand this issue to the district court for the collection of enough evidence to settle this matter.[1]

(2) *Illegal search and seizure.* The district court correctly ruled this Fourth Amendment claim was barred by *Stone v.*

Joe Eugene Skipper, pro se.

James H. Greason, Asst. Atty. Gen., Miami, Fla., for respondent-appellee.

---

1. An affidavit from the Cooperman who represented Skipper should suffice.

*Powell,* 428 U.S. 465, 96 S.Ct. 3037, 4 L.Ed.2d 1067 (1976) and *O'Berry v. Wainwright,* 546 F.2d 1204 (5th Cir. 1977).

(3) *Alleged perjury by a witness.* The district court was correct in denying this claim. In order for perjury by a witness to constitute grounds for the grant of a habeas corpus writ it would have to be shown that the state knowingly used the perjured testimony. *Giglio v. United States,* 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972).

(4) *Prosecutorial misconduct.* The district court correctly held that the prosecutor's closing argument was not so prejudicial as to render Skipper's trial fundamentally unfair. *Alvarez v. Estelle,* 531 F.2d 1319 (5th Cir. 1976).

(5) *Ineffective assistance of counsel on motion to vacate.* We think the district court correctly concluded that the record did not support Skipper's contention that the attorney appointed on the motion to vacate was ineffective.

(6) *Due process violation in misapplication of state criminal law.* Skipper argues the weapon that was found on him was not a gun under Florida law. This is a matter of a state's interpretation of its own laws and does not constitute a federal constitutional claim. *Bell v. Estelle,* 525 F.2d 656, 657 (5th Cir. 1975), *Pringle v. Beto,* 424 F.2d 515, 516 (5th Cir. 1970).

(7) *Failure of district court to appoint counsel and hold a hearing.* An evidentiary hearing is not necessary if it is apparent from the petition that the petitioner is not entitled to habeas corpus relief. *Spinkellink v. Wainwright,* 578 F.2d 582, 590 (5th Cir. 1978). Of course, appointment of counsel in such a case is also unnecessary.

In summary, we affirm the district court on all issues except the first, which involves a factual dispute over whether Skipper was represented by a lawyer or a legal intern at this trial. We remand that one issue to the district court for more fact-finding.

Affirmed in part, vacated and remanded in part.