Harold D. **MAYBERRY,**
Petitioner-Appellant,

v.

J. O. **DAVIS, Warden, G. K. Fountain Correctional Center, State of Alabama,** Respondent-Appellee.

No. 79–1849
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Dec. 27, 1979.

---

* Fed.R.App.P. 34(a); 5th Cir. R. 18.

Harold D. Mayberry, pro se.

Charles A. Graddick, Atty. Gen., Sarah Kathryn Farnell, Asst. Atty. Gen., Montgomery, Ala., for respondent-appellee.

Before AINSWORTH, FAY and RANDALL, Circuit Judges.

AINSWORTH, Circuit Judge:

Petitioner Harold Mayberry appeals the district court's denial of his third habeas corpus petition. Mayberry is an inmate of the Alabama Prison System, serving a sentence for bank robbery. His pro se petition for a writ of habeas corpus alleges nine grounds for relief.[1] Of these, all but five have been previously determined against Mayberry in prior habeas corpus petitions. The district court concluded that this petition alleged the following issues which were not disposed of in Mayberry's two previous petitions: (1) adverse pretrial publicity, (2) prejudicial remarks by the trial judge, (3) suppression of evidence favorable to the defendant, and (4) double jeopardy. Insufficient evidence to convict Mayberry is a fifth issue raised by this petition, but not addressed by the district court. The district court concluded that the issues before it were without merit, and denied the writ. We affirm.

On appeal, Mayberry has not raised the issues of suppression of evidence favorable to the defendant and insufficiency of the evidence. Consequently, these

---

1. In this petition, Mayberry alleges that relief should be granted on the basis of double jeopardy, adverse pretrial publicity, unconstitutional pre-indictment incarceration, denial of a right to a speedy trial, loss of material witnesses and evidence due to delay, judicial bias, denial of witnesses crucial to his defense, insufficiency of evidence, and suppression of evidence favorable to him.

issues are deemed abandoned. *Lucas v. Wainwright*, 5 Cir., 1979, 604 F.2d 373; *Gorham v. Wainwright*, 5 Cir., 1979, 588 F.2d 178, 179 n.2. Mayberry also raises on appeal an issue not presented below—*i. e.*, that he was denied a fair trial because of an allegedly illegal identification procedure.[2] Since this issue was not presented to the district court, it is not properly before this court. *Messelt v. Alabama*, 5 Cir., 1979, 595 F.2d 247, 250; *Tifford v. Wainwright*, 5 Cir., 1979, 592 F.2d 233, 234.

■ The issues properly before this court, therefore, are those of double jeopardy, prejudicial pretrial publicity, and judicial bias.[3]

■ *Double jeopardy*: Petitioner contends that he was placed in double jeopardy due to the fact that a federal indictment for bank robbery was dismissed prior to the state indictment for the same offense. This argument is without merit. Jeopardy never attached to the federal prosecution since the federal indictment was dismissed before the empaneling and swearing in of a jury. *United States v. Bobo*, 5 Cir., 1978, 586 F.2d 355, 362, *cert. denied*, 440 U.S. 976, 99 S.Ct. 1546, 59 L.Ed.2d 795 (1979).

■ *Pretrial publicity*: Petitioner next contends that his trial was fundamentally unfair because of adverse pretrial publicity. His claim is supported only by the allegation that there was adverse publicity in the news media. The record of the trial proceedings indicates that there were no pretrial motions for change of venue or continuance based upon an allegation of pretrial publicity. Petitioner's conclusionary statement, unsupported by factual allegations or proof to demonstrate prejudice, is insuffi-

cient to support a due process claim. *Cunningham v. Estelle*, 5 Cir., 1976, 536 F.2d 82, 83.

■ *Judicial bias*: Finally, petitioner asserts that he was denied a fair and impartial trial because the trial judge was biased against him. After the prosecution had presented its case to the jury, and at the conclusion of defendant's case, petitioner stated to the court out of the presence of the jury that "I believe the courts realize that I am not guilty in this case." The judge replied that he believed petitioner was "guilty as sin." The judge's remark indicates his personal opinion as to the guilt of petitioner, but there is no showing that this opinion was conveyed in any way to the jury. Furthermore, the judge's opinion was clearly based on evidence that had been presented during the course of the trial. This issue was fully discussed on direct appeal by the Alabama Court of Criminal Appeals, and we concur in that court's conclusion that the remark did not violate any constitutional right of petitioner. *Mayberry v. Alabama*, 1973, 51 Ala.App. 343, 285 So.2d 507, 509–510.

AFFIRMED.

---

**2.** Mayberry alleges that "the only identification was highly illegal when appellant was brought from the Jefferson County jail to Court and was between two deputies and the only prisoner in the hall and was pointed out by the prosecution that that was the man who robbed the bank."

**3.** With the exception of the illegal identification issue, which was not presented to the district

court, the district court heard all of petitioner's claims without considering whether petitioner had properly exhausted his state remedies. In such a circumstance, we will address the merits of petitioner's arguments regardless of the possible inexhaustion of state remedies. *Galtieri v. Wainwright*, 5 Cir., 1978, 582 F.2d 348, 355 n.15, 360–62 (*en banc*).