**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**George Reynolds JONES, Jr.,**
**Defendant-Appellant.**

No. 79–3327
**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

March 20, 1980.

Rehearing and Rehearing En Banc
Denied April 14, 1980.

* Fed.R.App.P. 34(a); 5th Cir. R. 18.

George R. Jones, Jr., pro se.

Loretta B. Anderson, Asst. U. S. Atty., Tampa, Fla., for plaintiff-appellee.

Before AINSWORTH, FAY and RANDALL, Circuit Judges.

AINSWORTH, Circuit Judge:

This is an appeal by George Reynolds Jones, Jr. from the denial of his pro se petition for relief filed under 28 U.S.C. § 2255. On October 21, 1977, judgment of conviction was entered against Jones pursuant to a jury's verdict that defendant was guilty of the manufacture and possession with intent to defraud of counterfeit United States Federal Reserve Notes in violation of 18 U.S.C. §§ 371 and 472. We affirmed the conviction. *See United States v. Jones*, 580 F.2d 785 (5th Cir. 1978). Thereafter, on January 3, 1979, defendant filed this motion under section 2255 to vacate the conviction alleging that it was obtained as a result of a government-sponsored conspiracy to violate his civil rights, with evidence gained by an illegal search and seizure, and by use of perjured testimony and prosecutorial misconduct at his trial. The district court denied defendant's motion without holding an evidentiary hearing. Jones then filed a timely notice of appeal, but the district court found defendant's appeal frivolous and denied certification of good faith on appeal. This court then denied defendant's motion for leave to appeal in forma pauperis. Nevertheless, Jones paid the filing fee for this appeal and

has proceeded pro se. We affirm.

Appellant asserts several grounds of error, on appeal, as follows:

*Government conspiracy:*

■ Appellant Jones first contends that the Government engaged in a conspiracy to violate his constitutional rights. Appellant states no specific facts in support of his allegation and there is nothing in the record that suggests or implies that such a conspiracy existed. Jones' conclusory statement, therefore, is insufficient to state a constitutional claim. *See Mayberry v. Davis,* 608 F.2d 1070, 1072 (5th Cir. 1979).

*Illegal search and seizure:*

■ Appellant's next contention, that the Government gathered evidence against him in an unconstitutional search and seizure of his residence, was raised by Jones on direct appeal and decided adversely to him. *United States v. Jones, supra,* 580 F.2d at 787. The court is not required on section 2255 motions to reconsider claims of error raised and disposed of on direct appeal. *Buckelew v. United States,* 575 F.2d 515, 517–18 (5th Cir. 1978). Appellant's contention that the Government illegally searched his residence prior to the search considered on Jones' direct appeal is wholly conclusory and unsupported by factual allegations or proof. As such, appellant's claim is without merit. *See Mayberry v. Davis, supra,* 608 F.2d at 1072.

*Use of perjured testimony:*

■ In appellant's assertion that the Government offered perjured testimony and false evidence in order to gain his conviction, Jones alleges several instances where some minor inconsistencies existed between certain oral testimony and documentary evidence adduced at trial and where testimony given at the suppression hearing slightly differed from testimony offered at trial by the same witnesses. The district court found that there was no evidence in the record to support appellant's allegations or to suggest that any government witness engaged in perjurious behavior. The court's finding is clearly supported by the record. Moreover, for perjury by a witness to constitute grounds for relief appellant would have to show that the Government knowingly used the perjured testimony. *See Skipper v. Wainwright,* 598 F.2d 425, 427 (5th Cir. 1979). Here, Jones has completely failed to support his claim with any evidence that there was either perjured testimony or knowing use of perjured testimony by the Government.

*Prosecutorial misconduct:*

■ Appellant also contends that his constitutional rights were violated through prosecutorial misconduct. Once again, without adducing any evidence in support of his argument, appellant sets forth a list of instances of so-called prosecutorial misconduct. This list is conclusory and wholly unsubstantiated. The district court was thus justified in dismissing Jones' contention.

*Denial of an evidentiary hearing:*

■ Finally, Jones contends that the district court erred in failing to hold an evidentiary hearing on his section 2255 motion. "When claims for habeas relief are based on unsupported generalizations, a hearing is not required." *Scott v. United States,* 598 F.2d 392, 393 (5th Cir. 1979); *United States v. Guerra,* 588 F.2d 519, 521 (5th Cir. 1979). The district court found appellant's allegations to be "conclusory in nature and devoid of sufficient factual substantiation." The court's holding is supported by the record.

AFFIRMED.