UNITED STATES of America,
Plaintiff-Appellee,

v.

Samuel L. KRANZTHOR,
Defendant-Appellant.

No. 79–2079
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

March 31, 1980.

Frank H. Hunter, El Paso, Tex., for defendant-appellant.

LeRoy Morgan Jahn, Asst. U. S. Atty., San Antonio, Tex., for plaintiff-appellee.

Before COLEMAN, Chief Judge, HILL, and GARZA, Circuit Judges.

PER CURIAM:

Appellant, Samuel L. Kranzthor, appeals from the District Court's denial, without

* Fed.R.App.P. 34(a); 5th Cir. R. 18.

evidentiary hearing, of his motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Appellant was convicted of conspiracy to import marijuana and the completed substantive offense in violation of 21 U.S.C. § 176a and was given two ten-year sentences to be served concurrently. His original appeal to this Court states the facts of his case and is reported in *U. S. v. Warner et al.*, 441 F.2d 821 (5th Cir. 1971) *cert. denied*, 404 U.S. 829, 92 S.Ct. 65, 30 L.Ed.2d 58 (1971). After issuance of the mandate affirming his conviction on May 19, 1971, the trial court immediately ordered Kranzthor surrendered under his bond and he was sent to Leavenworth to commence his sentence. While he was serving his sentence, a petition for rehearing was filed and denied. On May 26, 1971, the panel of this Court which heard his appeal recalled the previously issued mandate and stayed its issuance pending the timely filing of application for a writ of certiorari to the Supreme Court. At the same time, the panel vacated and set aside the trial court's order which revoked Kranzthor's appeal bond, and reinstated his appeal bond pending further appeal. Kranzthor was released but his petition for certiorari to the Supreme Court was denied, the panel re-issued the mandate on October 28, 1971, but Kranzthor failed thereafter to surrender to authorities. He remained a fugitive until his surrender on September 12, 1978. This § 2255 motion follows his reincarceration. In this proceeding Kranzthor complains (1) that the district court had discretion to reduce his sentence to conform to the Comprehensive Drug Abuse Prevention and Control Act of 1970, (2) that an intervening change in case law would require suppression of the evidence in his case, and (3) that he was denied effective assistance of counsel. We affirm.

■ Appellant Kranzthor contends that the District Court had discretion to set aside the ten-year sentences he received pursuant to prior law and resentence him under 21 U.S.C. § 952(a). In support of this contention, appellant cites *United States v. Rojas-Colombo and Navarro*, 462 F.2d 1091 (5th Cir. 1972) and *United States v. Milisci*, 465 F.2d 700 (5th Cir. 1972). This case is distinguishable from these cited cases in that there the defendants sought resentencing within the 120 day period in accordance with Rule 35 of the Federal Rules of Criminal Procedure. Here, the appellant's 120 day period for seeking reduction has long since expired. Furthermore, *Bradley v. United States*, 410 U.S. 605, 93 S.Ct. 1151, 35 L.Ed.2d 528 (1973) made clear that the proper sentence to be imposed, for a pre-1970 drug control violation, is under the prior law—not the new law.

Appellant next contends that a change in the law of search and seizure since the time of his conviction and appeal has resulted in the possibility that his motion to suppress would now be granted. Although this Court reviewed the legality of the search and seizure on direct appeal. *U. S. v. Warner, supra*, appellant asks that the issue be reexamined in light of potential changes in the law.

■ We do not reach the question of whether or not a change in search and seizure law has occurred. The Supreme Court has held that changes in the law of search and seizure are not retroactive where evidence seized by authorities was in good faith compliance with then existing constitutional norms. *United States v. Peltier*, 422 U.S. 531, 95 S.Ct. 2313, 45 L.Ed.2d 374 (1975); *see also, United States v. Montgomery*, 558 F.2d 311 (5th Cir. 1977). Therefore, even if the law regarding this issue has changed, appellant is not entitled to re-review of the issue in light of present law.

Lastly, Kranzthor contends that he was denied effective assistance of counsel. He argues that, although he desired to plead guilty, he was prevented from doing so by his counsel who represented five other defendants and who adopted a "united we stand, divided we fall" strategy. He argues that there was an inherent conflict of interest and that his "counsel refrained from a strategy that would have benefited Kranzthor in order to best represent all six codefendants."

Multiple representation is not per se ineffective. *Scott v. United States*, 598 F.2d 392, 393 (5th Cir. 1979); *United States v. Alvarez*, 580 F.2d 1251, 1255 (5th Cir. 1978); *Foxworth v. Wainwright*, 516 F.2d 1072, 1076 (5th Cir. 1975). The defendant must in some way be prejudiced by the joint representation. *United States v. Wayman*, 510 F.2d 1020, 1025–1026 (5th Cir.) *cert. denied, sub nom. Moore v. United States*, 423 U.S. 846, 96 S.Ct. 84, 46 L.Ed.2d 67 (1975). Actual conflict of interest exists when the defense attorney places himself in a situation inherently conducive to divided loyalties. *Zuck v. Alabama*, 588 F.2d 436, 439 (5th Cir. 1979). The requisite conflict is present "whenever one defendant stands to gain significantly by counsel adducing probative evidence or advancing plausible arguments that are damaging to the cause of a codefendant whom counsel is also representing." *United States v. Huntley*, 535 F.2d 1400, 1406 (5th Cir.), *cert. denied*, 430 U.S. 929, 97 S.Ct. 1548, 51 L.Ed.2d 773 (1977).

In the present case, we see no actual conflict of interest. Defense counsel for Kranzthor could have gained nothing for him by adducing incriminating evidence against another codefendant. Each defendant stood to gain from a favorable ruling on their motion to suppress. If appellant chose to plead guilty and his counsel refused to act in accordance with his wishes, he should have retained other counsel. The fact that a defendant may later regret having followed his attorney's advice is not grounds for relief under 28 U.S.C. § 2255. There is no showing that Kranzthor could have benefited by pleading guilty and therefore his reliance on *Alvarez v. Wainwright*, 522 F.2d 100 (5th Cir. 1975), is misplaced.

AFFIRMED.