Norman S. SCHLANG,
Petitioner-Appellant,

v.

Jack HEARD, Respondent-Appellee.

No. 82–2052

Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Nov. 18, 1982.

Norman S. Schlang, pro se.

Calvin A. Hartmann, Susan Spruce, Asst. Dist. Attys., Houston, Tex., for respondent-appellee.

Before GEE, RANDALL and TATE, Circuit Judges.

PER CURIAM:

This is an appeal from the district court's dismissal of a pro se habeas petition under 28 U.S.C. § 2254 (1976). For the reasons set forth below, we affirm.

The petitioner, Norman Schlang, has been tried three times in the Texas courts for the misdemeanor of promotion of prostitution and convicted each time. The first prosecution ended in a mistrial during the punishment phase of the trial, and is not at

issue here. After the second trial, Schlang filed his appellate brief with the trial court, pursuant to Tex.Code Crim.Pro.Ann. art. 40.09(7)–(12) (Vernon 1979), as then in force. The brief alleged, among other things, that the evidence had been insufficient to convict him. The trial court granted Schlang's motion for new trial "on the briefs," without any statement of its grounds. Schlang was convicted again and sentenced to one year in jail. The trial court denied his motion for appointed counsel and a free transcript on appeal. The Texas Court of Criminal Appeals affirmed his conviction. Schlang filed a petition for habeas corpus in the district court on September 4, 1979. On April 7, 1980, he was released from jail.[1]

In his original habeas petition, Schlang alleged three grounds for relief: that the third trial violated his constitutional protection against double jeopardy; that he was wrongly denied appointed counsel and a free transcript on appeal; and that the State's principal witness committed perjury but no court had permitted Schlang an opportunity to prove it. He later amended his petition to allege that he had unconstitutionally been kept in jail beyond his scheduled release date of April 5, 1980 because he could not pay court costs.

The United States Magistrate recommended that Schlang's petition be dismissed for failure to state a claim on which relief could be granted. Schlang filed various objections to the magistrate's report, but the district court nonetheless adopted it and dismissed the petition. Schlang then appealed to this court, raising all the grounds for relief alleged in the district court.

■ At the outset, we note that although the magistrate described his recommended ruling on the case as dismissal for failure to state a claim on which relief could be granted, his written findings clearly indicate that he considered matters outside the pleadings in reaching his conclusion. We will, there-

---

1. Since Schlang was in jail when he filed his petition, he satisfied the "in custody" requirement of 28 U.S.C. § 2254 (1976). *Carafas v.*

*LaVallee,* 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968).

fore, review the ruling of the district court under the standards applicable to a grant of summary judgment. *Georgia Southern & Florida Railway Co. v. Atlantic Coast Line Railroad Co.,* 373 F.2d 493 (5th Cir.), *cert. denied,* 389 U.S. 851, 88 S.Ct. 69, 19 L.Ed.2d 120 (1967). Summary judgment is proper only when there is no disputed issue of material fact and one party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c).

◼ The first issue is whether the third trial violated Schlang's right not to be twice placed in jeopardy. He urges that, since his brief before the court had claimed that the evidence was insufficient and the court did not specify the grounds on which it granted the motion for new trial, his retrial was barred by *Greene v. Massey,* 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978). *Greene* prohibits retrial after a reviewing court finds that the evidence of guilt was insufficient to submit to the jury. This claim must fail, however, because the trial court in the second trial never had jurisdiction, and thus jeopardy did not attach. *Grafton v. United States,* 206 U.S. 333, 345, 348, 27 S.Ct. 749, 752, 51 L.Ed. 1084 (1907); *United States v. Ball,* 163 U.S. 662, 669, 16 S.Ct. 1192, 1194, 41 L.Ed. 300 (1896); *Stephens v. Zant,* 631 F.2d 397 (5th Cir. 1980), *questions certified,* —— U.S. ——, 102 S.Ct. 1856, 72 L.Ed.2d 222 (1982) (certiorari granted and questions certified on issues not relevant here); *Moore v. Foti,* 546 F.2d 67 (5th Cir. 1977). *See Serfass v. United States,* 420 U.S. 377, 389, 95 S.Ct. 1055, 1063, 43 L.Ed.2d 265 (1975).

◼ In Texas, a "fatally defective" charging instrument does not confer jurisdiction on the trial court. *Ex parte County,* 577 S.W.2d 260 (Tex.Cr.App.1979) (indictment); *Daniels v. State,* 573 S.W.2d 21

(Tex.Cr.App.1978) (indictment); *Bruce v. State,* 622 S.W.2d 624 (Tex.App.—Amarillo 1981, review refused) (information).[2] The offense with which Schlang was charged, promotion of prostitution, had as one of its elements that the offender "knowingly" received the proceeds of prostitution, Tex.Penal Code Ann. § 43.03 (Vernon 1974 & Supp. 1981), but the information failed to allege any mental state.[3] Failure to allege a required mental state is a fatal defect in the charging instrument. *Ex parte Rogers,* 589 S.W.2d 132 (Tex.Cr.App.1979) (en banc); *Zachery v. State,* 552 S.W.2d 136 (Tex.Cr. App.1977); *Tew v. State,* 551 S.W.2d 375 (Tex.Cr.App.1977); *Ex parte Garcia,* 544 S.W.2d 432 (Tex.Cr.App.1976). Thus, the second indictment conferred no jurisdiction on the trial court, so no jeopardy attached at the second trial and the third trial was not barred.

◼ Schlang's second contention is that the third trial court wrongly denied him appointed counsel and a free transcript on appeal. Schlang alleges that there was no indigency hearing, but the record, supplied by the State, conclusively refutes him. The court obviously concluded after the hearing (and indeed said at the hearing) that Schlang was nonindigent and thus not entitled to appointed counsel or a free transcript, but the court made no written finding on the subject. We thus cannot apply the presumption of correctness mandated by 28 U.S.C. § 2254(d) (1976) and approved in *Sumner v. Mata,* 449 U.S. 539, 101 S.Ct. 764, 66 L.Ed.2d 722 (1981). Nevertheless, we cannot find either that Schlang was indigent or that his allegations raise a disputed issue of material fact.

At the hearing before the trial court, Schlang failed to present any evidence of

2. In Texas, the rules on sufficiency of the charging instrument are the same for informations and indictments. *De Santiego v. State,* 146 Tex.Cr. 394, 176 S.W.2d 175 (1943); *Punchard v. State,* 122 Tex.Cr. 134, 54 S.W.2d 110 (1932).

3. The condition of the record on appeal is somewhat unusual. As discussed below, the state court refused Schlang a free transcript on

appeal, and he has not supplied the deficiency. The State, however, has provided a copy of the information on which the second trial was held and the appellate briefs on which the motion for new trial was granted. The State has also furnished the record of the third state trial. Schlang does not dispute the accuracy of these materials.

indigency. He simply stated that he did not have a job. He refused to produce his income tax return or any records of income or assets, and generally resisted the court's and the State's inquiries into his finances. The discussion culminated in the following exchange:

"THE COURT: We understand, Mr. Schlang. You don't want to talk about your finances.

THE DEFENDANT: That's not the issue before the Court." [4]

Given Schlang's contumacy and the absence of any evidence of indigency, we cannot disagree with the trial court's conclusion. Neither Schlang's petitions nor his brief on appeal to this court allege any facts on the issue which challenge the correctness of the finding. Summary judgment on the issue was therefore proper.

Next, Schlang alleges that the State's principal witness perjured himself at the third trial and that Schlang has been denied a forum to prove the perjury. The latter claim is clearly baseless: both his state appeal and this habeas proceeding are such forums. He has failed to allege any facts demonstrating that he was prevented [5] from raising the issue in either court. Mere conclusory statements do not raise a constitutional issue in a habeas case. *United States v. Jones*, 614 F.2d 80 (5th Cir.), *cert. denied*, 446 U.S. 945, 100 S.Ct. 2174, 64 L.Ed.2d 801 (1980); *Mayberry v. Davis*, 608 F.2d 1070 (5th Cir. 1979).

An initial difficulty with Schlang's claim that he was convicted on perjured testimony is that he failed to indicate what statements were allegedly false and why. As noted above, more is required than conclusory allegations to raise an issue cogniza-ble in a habeas proceeding. *Jones, supra; Mayberry, supra.* Schlang argues that he was unable to specify the perjury because he was denied a free transcript. Since we do not find that denial wrongful, however, it does not excuse the failure to identify the allegedly false statements.

Further, Schlang does not claim that the State knowingly used the allegedly perjured testimony. Such knowing use must be shown before habeas relief can be granted. *Jones, supra; Skipper v. Wainwright*, 598 F.2d 425 (5th Cir.), *cert. denied*, 444 U.S. 974, 100 S.Ct. 469, 62 L.Ed.2d 389 (1979). Thus, under the summary judgment standard, Schlang cannot prevail on this ground.

Finally, there is the issue of the extension of his jail time to "work off" his court costs. Since Schlang admits that he was released on April 7, 1980, and alleges no collateral consequences of the extra two days of jail time, we can grant him no relief on this claim in a habeas proceeding. The claim is therefore moot.[6] *Wade v. Carsley*, 433 F.2d 68 (5th Cir. 1970).

It is thus clear that Schlang raised no disputed issue of material fact and that summary judgment was proper. We therefore affirm the district court's dismissal of the petition, which we view as a grant of summary judgment.

AFFIRMED.

---

4. This exchange is in the record supplied to us by the State, *see* note 3 *supra*. It appears in that record at 195.

5. Schlang does point out that his efforts to prove the perjury were hampered by his failure to obtain a transcript of the earlier trials. Since we find, however, that the state court's refusal to order a free transcript for him was justified, *see supra*, any difficulties in proof he encountered were attributable to himself.

6. This claim is not moot in the sense that it fails the "in custody" requirement, *see Carafas v. LaVallee*, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968), but in the sense that, since Schlang has been released, there is simply no relief this court can give him in a habeas proceeding.