958 F.2d 379
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Mildred MILLER, Defendant-Appellant.
 No. 91-15165.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 17, 1992.*
Decided March 16, 1992.
 
 Before GOODWIN, FLETCHER and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 FACTS
 
 2
 After a lengthy jury trial in federal court in April of 1987, Mildred Miller was convicted of many crimes, including conspiracy, mail fraud, making false statements, and obstruction of justice. She had been operating a health clinic, which administered a controversial drug, dimethyl sulfoxide ("DMSO"). After an extensive grand jury investigation, Miller was charged and convicted for submitting fraudulent claims for Medicare reimbursement.
 
 
 3
 With the exception of two counts, her conviction was upheld on appeal in an unpublished disposition. United States v. Miller, No. 87-1381 (9th Cir. Jan. 4, 1989). She subsequently filed a 28 U.S.C. § 2255 petition to vacate her conviction and sentence alleging that the Government knowingly used perjured testimony at her trial. She also requested that her motion be heard by a district judge other than the judge who presided at trial. The district judge who presided at trial nevertheless considered and denied the § 2255 motion. He never specifically responded to Miller's request that he disqualify himself.
 
 DISCUSSION
 
 4
 I. Miller Has Not Established That the Government Knowingly Used Perjured Testimony
 
 A. Standard of Review
 
 5
 A denial of a motion pursuant to 28 U.S.C. § 2255 is reviewed de novo. Torrey v. Estelle, 842 F.2d 234, 235 (9th Cir.1988).
 
 B. Merits
 
 6
 We reject Miller's claim because she has not sustained her burden to show that perjured testimony was introduced at trial and that the prosecution knew that the testimony was perjured. See Tapia v. Tansy, 926 F.2d 1554, 1563 (10th Cir.), cert. denied, 112 S.Ct. 115 (1991); United States v. Rowan, 663 F.2d 1034, 1035 (11th Cir.1981); United States v. Jones, 614 F.2d 80, 82 (5th Cir.), cert. denied, 446 U.S. 945 (1980); United States v. Conzemius, 611 F.2d 695, 697 (8th Cir.1979).
 
 
 7
 Miller alleges three instances of perjury. First, that a witness, John Busse, lied when he testified that he gave information on Medicare billings to Miller in 1979, when the alleged documents actually were published in 1981. At trial, Miller's attorney cross-examined the witness on this point. Second, Miller alleges that a second witness, Marilyn Dunwoodie, similarly lied about giving Miller information in 1979 that was not published until later. Once again, Miller's attorney challenged the witness on this point. Finally, Miller alleges that a third witness, Ken Berry, lied about seeing a red ambulance arrive at the clinic to allegedly pick up a patient who had died. Defendant's attorney also challenged this testimony at trial.
 
 
 8
 These allegations do not establish that the witnesses committed perjury and that the Government knew the witnesses were lying. At most they are examples of "minor inconsistencies" that may often arise during long trials years after the events that witnesses were testifying about. Cf. Jones, 614 F.2d at 82. Furthermore, on Miller's previous appeal, this circuit noted the existence of "overwhelming evidence that Miller and her co-conspirators designed and carried out an elaborate scheme to attract patients by fraud and obtain payment" from Medicare. United States v. Miller, No. 87-1381 (9th Cir. Jan. 4, 1989).
 
 
 9
 Miller's attorney objected to the testimony at trial and asserted that the testimony was untrue. From this Miller urges us to conclude that the prosecution became aware of the perjury and proceeded nevertheless. However, Miller's challenge to the veracity of the testimony at trial weakens her argument. The question of the credibility of the witnesses is the province of the jury. United States v. Hodges, 770 F.2d 1475, 1478 (9th Cir.1985). The jury's decision to believe the witnesses after an attack on their credibility will not be disturbed. See Hawkins v. Lynaugh, 844 F.2d 1132, 1141 (5th Cir.) ("state trial court and jury, given the primary task of deciding the facts, accepted the credibility" of the witnesses), cert. denied, 488 U.S. 900 (1988); Tapia, 926 F.2d 1554, 1563 (10th Cir.1991) ("both witnesses were thoroughly impeached. It was for the jury to decide which version to believe.") (footnote and citation omitted).
 
 
 10
 The district court's decision on the § 2255 motion is affirmed.
 
 
 11
 II. The District Judge Did Not Abuse His Discretion in Failing to Recuse Himself from the § 2255 Motion
 
 
 12
 Miller argues that the district judge was biased against her and therefore should have recused himself from hearing her habeas petition. A judge's decision to deny a motion for recusal will be overturned only for abuse of discretion. United States v. Monaco, 852 F.2d 1143, 1147 (9th Cir.1988), cert. denied, 488 U.S. 1040 (1989).
 
 
 13
 A "justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The prejudice, however, must result from an extrajudicial source and not from information acquired during the course of the proceedings. Monaco, 852 F.2d at 1147.
 
 
 14
 Miller alleges that (1) the judge's refusal to rule in her favor in relation to various motions at trial; (2) hostile statements the judge made about Miller during her sentencing hearing; and (3) the judge's alleged familiarity with, and prejudice against, Miller's clinic and treatment techniques, evidence prejudice.
 
 
 15
 The first two claims are not cognizable as they stem from judicial actions during the course of official proceedings. See Pau v. Yosemite Park and Curry Co., 928 F.2d 880, 885 (9th Cir.1991); Monaco, 852 F.2d at 1147; United States v. Studley, 783 F.2d 934, 939 (9th Cir.1986) ("first two allegations are not extrajudicial because they involve the judge's performance while presiding over her case").
 
 
 16
 Thus, Miller is left only with her claim that because the district judge visited his mother, who was dying of cancer, at her home near Miller's clinic, and his mother's doctor allegedly opposed Miller's clinical efforts, the district judge was too biased to hear Miller's habeas petition. This claim is too speculative and vague to cause us to conclude that the judge abused his discretion in failing to recuse himself. See Studley, 783 F.2d at 939.
 
 
 17
 We will not reverse the denial of Miller's § 2255 motion because of the district judge's decision not to recuse himself.
 
 
 18
 III. Miller Is Not Entitled to Resentencing, But The Case Will Be Remanded to the District Court To Ensure Full Compliance With Fed.R.Crim.P. 32
 
 
 19
 Miller argues that she is entitled to resentencing because the district court failed to make findings responding to her objections to information contained in her presentence report, as is required by Fed.R.Crim.P. 32(c)(3)(D). The Government argues that the panel need not consider this issue because it was not raised before the district court.
 
 
 20
 The Government fails to acknowledge case authority.[1] In United States v. Bigman, 906 F.2d 392, 395 (9th Cir.1990), this circuit held that it may be appropriate to consider challenges to Rule 32 compliance even when raised for the first time on appeal. The court noted the importance of accurate sentencing information and the Ninth Circuit's insistence on strict compliance with Rule 32. See id.; United States v. Fernandez-Angulo, 897 F.2d 1514, 1516 (9th Cir.1990) (en banc). Therefore, we will consider this issue.
 
 
 21
 Rule 32(c)(3)(D) requires the district court to make findings responding to a defendant's objections to a presentence report or to decide not to take controverted matters into account in sentencing. Fed.R.Crim.P. 32(c)(3)(D). In Miller's case she objected to parts of the presentence report, specifically maintaining her belief that perjury was committed at her trial. The district court, however, indicated during her sentencing hearing that it did not rely on any disputed aspects of the presentence report. The court stated that it could "safely tell you that, having tried the case [it would] not need[ ] to depend upon the representations as to what occurred from the Probation Department or from the Government ... [and] would have no difficulty at all disregarding the observations of any independent party as to those matters." Thus, the court did make the determination required by Rule 32(c)(3)(D). See United States v. Lujan, 936 F.2d 406, 412 (9th Cir.) (per curiam), cert. denied, 112 S.Ct. 121 (1991); United States v. Houtchens, 926 F.2d 824, 828 (9th Cir.1991); United States v. Roberson, 917 F.2d 1158, 1158-59 (9th Cir.1990).
 
 
 22
 The district court, however, did not attach to the pre-sentence report forwarded to the Bureau of Prisons or the Parole Commission an indication that it did not rely on contested matters in imposing Miller's sentence. The proper remedy to correct this technical violation is a remand to the district court so it may attach a transcript of the sentencing hearing that shows that the court did not rely on the contested portions of the pre-sentence report. See Lujan, 936 F.2d at 412; Fernandez-Angulo, 897 F.2d at 1517; United States v. Knockum, 881 F.2d 730, 732 (9th Cir.1989).
 
 
 23
 Therefore, the case is remanded to the district court to ensure that the determination required by Rule 32(c)(3)(D) is attached to the pre-sentence report sent to the Bureau of Prisons or the Parole Commission.
 
 CONCLUSION
 
 24
 The denial of the 28 U.S.C. § 2255 motion to vacate the sentence is AFFIRMED. The case is REMANDED to the district court to ensure technical compliance with Fed.R.Crim.P. 32(c)(3)(D).
 
 
 25
 AFFIRMED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 3(f)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Circuit Rule 36-3
 
 
 [1]
 The Government apparently did not research whether the general rule that we will not consider issues raised for the first time on appeal, which is riddled with exceptions, applied to this particular issue. As a result, we were bereft of any assistance from the Government in considering either the legal or factual basis for this issue of Miller's appeal. The pro se nature of this appeal does not diminish, and in fact probably enhances, the Government's obligation to respond to the contentions raised on appeal and to provide relevant and controlling authority
 The poor quality of the Government's response brief is even more troubling given the numerous extensions of time we granted to allow the Government to file its brief.