28 F.3d 1211
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Arthur D. MOBLEY, Defendant-Appellee,
v.
Arthur D. MOBLEY, Defendant-Appellant.
 Nos. 93-5765, 93-5873.
 United States Court of Appeals, Fourth Circuit.
 Argued June 10, 1994.
Decided July 15, 1994.
 
 Appeals from the United States District Court for the District of Maryland, at Baltimore. John R. Hargrove, Senior District Judge. (CR-93-253-HAR)
 Argued Matthew Charles Leefer, Boonsboro, MD, for appellant.
 Susan Moss Ringler, Asst. U.S. Atty., Baltimore, MD, for appellee.
 On Brief Lynne A. Battaglia, U.S. Atty., Baltimore, MD, for appellee.
 D.Md.
 AFFIRMED.
 Before WILKINSON and NIEMEYER, Circuit Judges, and WILLIAMS, Senior United States District Judge for the Eastern District of Virginia, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Appellant, Arthur D. Mobley, appeals his September 22, 1993 jury conviction on two counts of abusive sexual conduct in violation of 18 U.S.C. Sec. 2244(b). The incidents giving rise to these charges occurred on July 18, 1990, when the defendant made sexual advances on Jerrie Coby. These events occurred in the United States Postal Service building in Hagerstown, Maryland. On April 15, 1991, the victim filed a criminal complaint in the State District Court in Washington County, Maryland, charging state crimes. A bench trial on July 10, 1991 resulted in the appellant being convicted of common law battery and fourth degree sexual offenses. Thereafter, the defendant filed a de novo appeal to the Circuit Court for Washington County, Maryland. On March 23, 1992, a jury was impanelled and then excused from the courtroom. Counsel for appellant made a motion to dismiss for lack of jurisdiction, arguing that the Hagerstown post office was an area of exclusive federal jurisdiction. The Court agreed and dismissed the case.*
 
 
 2
 On June 25, 1993, a two count criminal information was filed against the defendant in the United States District Court for the District of Maryland, charging him with two violations of Title 18 U.S.C. Sec. 2244(b). The defendant raised the defense of double jeopardy, along with others, in pretrial motions, but these motions were denied and the defendant was ultimately convicted on September 22, 1993 and sentenced on November 26, 1993. The only issue raised by this appeal is whether the Court committed error in denying the motion to dismiss on grounds of double jeopardy.
 
 
 3
 The Double Jeopardy Clause of the Fifth Amendment guarantees that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." U.S. CONST. AMEND. V. Generally, jeopardy attaches in a jury trial when the jury is impanelled and sworn, Crist v. Bretz, 437 U.S. 28, 29 (1978), and in a bench trial when the judge begins to hear evidence. Serfass v. United States, 420 U.S. 377, 388 (1975). However, there are situations where jeopardy does not attach, even after a jury has been impanelled and sworn. If the trial court lacks jurisdiction, jeopardy never attaches, irrespective of the state to which the trial has progressed. See Schlang v. Heard, 691 F.2d 796, 798 (5th Cir.1982) (per curiam), cert. denied, 461 U.S. 951 (1983). In this case, it is uncontroverted that the federal court had exclusive jurisdiction over the crimes committed at the Hagerstown post office, a federal facility. Having raised his claim of lack of jurisdiction in state court and won it, defendant Mobley cannot now complain that double jeopardy precludes his federal prosecution.
 
 
 4
 Moreover, even if appellant had proceeded to trial in circuit court and been acquitted or convicted, the federal government would not be barred from separately prosecuting him. See Abbate v. United States, 359 U.S. 187 (1959) (reprosecution by different sovereign does not constitute double jeopardy). One of the exceptions to the Double Jeopardy bar against retrial is the dual sovereignty doctrine which allows the federal and state government to bring successive prosecutions for offenses arising out of the same criminal act. See Heath v. Alabama, 474 U.S. 82 (1985); Bartkus v. Illinois, 359 U.S. 121, 128-29 (1959) (Double Jeopardy Clause no bar to state robbery trial following defendant's acquittal of federal robbery charge); In re: Kunstler, 914 F.2d 505, 517 (4th Cir.1990), cert. denied, 499 U.S. 969 (1991) (Double Jeopardy Clause no bar to state prosecution for armed take over of local newspaper office following federal acquittal on same charge).
 
 
 5
 For these reasons, the appeal is without merit and the judgment of the District Court is affirmed.
 
 
 6
 AFFIRMED.
 
 
 
 *
 Whether counsel for appellant timed his motion to dismiss for lack of jurisdiction in hopes of triggering a double jeopardy defense or his failure to file the motion preliminarily was due to a lack of familiarity with basic jurisdictional law is beside the point. Neither explanation measures up to acceptable professional standards and neither practice should occur in the future. When counsel fail to raise jurisdictional bars in a timely manner it invariably results in a waste of judicial resources