**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 95-30045
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALVARO GERMAN SALGADO CABALLERO,

Defendant-Appellant.

Appeal from the United States District Court
For the Eastern District of Louisiana
(CA-94-3427 (CR 89-452-A-5))

( July 26, 1995)

Before POLITZ, Chief Judge, JONES and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Alvaro German Salgado Caballero appeals the district court's denial of his *pro se* 28 U.S.C. § 2255 motion to vacate his conviction and sentence for possession of cocaine with intent to distribute while on board a vessel subject to the jurisdiction of

---

[*]Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the court has determined that this opinion should not be published.

the United States.[1]  We affirm.

## Background

While on patrol in international waters near the Yucatan Peninsula, the captain and crew of a United States Coast Guard cutter became suspicious of the mission and cargo of the ZEDOM SEA, a vessel flying the Panamanian flag.  After obtaining a statement of no objection to enforcement of United States law ("SNO") from Eric Arturo Delvalle, the then-exiled president of Panama,[2] members of the crew of the cutter boarded the vessel and discovered six tons of cocaine stored in the ship's cargo containers.  Eight seamen, including Caballero, were convicted and Caballero was sentenced to 188 months imprisonment.  His conviction was affirmed on direct appeal.[3]

Caballero, appearing *pro se*, filed the instant section 2255 motion, contending that there was no showing of a nexus between the United States and the ZEDOM SEA or its crew and that the imposition of federal criminal jurisdiction offended the fifth amendment's due

---

[1] 46 U.S.C. § 1903.

[2] 46 U.S.C. § 1903(c)(1)(C) provides, in pertinent part, that a vessel "subject to the jurisdiction of the United States" includes

> a vessel registered in a foreign nation where the flag nation has consented or waived objection to enforcement of United States law by the United States.

This waiver is to be obtained from the government recognized by the United States State Department, and "may be proved by certification of the Secretary of State or the Secretary's designee."  **Id.**

[3] **United States v. Pretel**, 939 F.2d 233 (5th Cir.), cert. denied, 502 U.S. 918 (1991).

process clause. The district court dismissed the petition, finding that the jurisdictional defects had been addressed by this court on direct appeal. Caballero timely appealed.

## Analysis

The collateral review by a section 2255 petition extends only to the challenge of a conviction "on issues of constitutional or jurisdictional magnitude."[4] When considered on direct appeal they may not be reviewed by section 2255 pleadings.[5]

On direct appeal, Caballero claimed that the district court erred in finding federal jurisdiction over his alleged offenses on board the ZEDOM SEA contending, first, that the question of jurisdiction should have been submitted to a jury and, second, as the requisite SNO was not obtained from the then-ruling government of Panama, there was no jurisdiction pursuant to 46 U.S.C. § 1903. A panel of this court determined that the question of jurisdiction was a matter of law within the district court's cognizance and that, as the United States State Department recognized only the deposed president of Panama as the leader of the Panamanian government, securing an SNO from that authority satisfied the requirements of section 1903.

In the instant section 2255 motion, Caballero contends that assertion of jurisdiction over the ZEDOM SEA did not comport with

---

[4]**United States v. Shaid**, 937 F.2d 228, 232 (5th Cir. 1991), cert. denied, 502 U.S. 1076 (1992).

[5]**United States v. Jones**, 614 F.2d 80 (5th Cir.), cert. denied, 446 U.S. 945 (1980). See also **United States v. Kalish**, 780 F.2d 506 (5th Cir.), cert. denied, 476 U.S. 1118 (1986).

traditional notions of constitutional due process because the ship did not possess ties to the United States that would suffice to render it or its crew amenable to federal criminal jurisdiction. Although we considered on direct appeal whether the jurisdictional prerequisites as set forth in section 1903 were met, the constitutional ramifications of the assertion of jurisdiction under this statute were not presented to the court. The matter is nonetheless barred, however, for it is manifest that a habeas petitioner "may not raise an issue for the first time on collateral review without showing both 'cause' for his procedural default, and 'actual prejudice' resulting from the error."[6] As Caballero has failed to even assert, let alone demonstrate, any cause for his failure to present this matter during his direct appeal, the district court properly barred his claim and dismissed his petition.

AFFIRMED.

---

[6]**Shaid**, 937 F.2d at 232. See also **United States v. Frady**, 456 U.S. 152 (1982).

4