IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-10700
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MELVIN GLEN NEAL, also known as Glen Neal,

Defendant-Appellant.

--------------------

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 4:87-CR-82-Y
USDC No. 4:95-CV-405-Y

--------------------
December 19, 2000
Before DAVIS, JONES, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Melvin Glen Neal appeals from the denial of his motion for relief pursuant to 28 U.S.C. § 2255. Neal's motion to withdraw the appellate brief he filed in 1998 before we stayed proceedings in his case is GRANTED.

Neal contends that the district court erred by denying his § 2255 motion without an evidentiary hearing and by denying his two motions to proceed pro se and his retained attorney's motion to

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

withdraw, motions that were submitted after the retained attorney failed to raise a claim of ineffective assistance of trial counsel despite our remand so that Neal's § 2255 motion could be amended to add such a claim. Neal's underlying substantive contentions are that the Government knowingly used perjured testimony; that the Government withheld exculpatory evidence; and that trial counsel was ineffective because he failed to preserve for appellate review the substance of the testimony of two witnesses by alleging the substance of that testimony in the district court.

The district court did not abuse its discretion by denying Neal's § 2255 motion without an evidentiary hearing. *United States v. Bartholemew*, 974 F.2d 39, 41 (5th Cir. 1992). Neal's contentions that the Government knowingly used perjured testimony are based solely on allegedly contradictory testimony at trial or on an alleged prior inconsistent statement by one witness who testified at trial. Contradictory testimony does not prove perjury. *Koch v. Puckett*, 907 F.2d 524, 531 (5th Cir. 1990). Neal's allegation that one witness gave a prior inconsistent statement is unsupported by any specific allegations regarding the contents of the statement; his allegation is conclusional and does not give rise to any constitutional issue. *United States v. Jones*, 614 F.2d 80, 81 (5th Cir. 1980).

The denial of Neal's motions to proceed pro se and counsel's motion to withdraw from representation of Neal in the § 2255 proceedings was not an abuse of discretion. *Juelich v. United States*, 342 F.2d 29, 32-33 (5th Cir. 1965). Neal could have identified in his motions to proceed pro se the ineffective-

assistance claim he wished to pursue, even if he could not flesh it out in any detail.  He did not do so.  Counsel's reluctance to make a specific allegation of ineffective assistance of counsel may have been motivated by his evaluation of the claim as being meritless, even though our remand allowed an amendment.

AFFIRMED.