[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-10311
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 10, 2012
JOHN LEY
CLERK

D.C. Docket Nos. 1:09-cv-23777-MGC ; 1:04-cr-20487-MGC-3

ANTHONY COLLINS,

                                                              Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

                                                              Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 10, 2012)

Before TJOFLAT, EDMONDSON and ANDERSON, Circuit Judges.

PER CURIAM:

Anthony Collins, a federal prisoner proceeding *pro se*, appeals the district court's denial of his motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. In his motion, Collins asserted numerous claims of ineffective assistance of counsel, including that his trial counsel was ineffective for failing to (1) convey to the district court his mid-trial desire to plead guilty to two of the three counts in the indictment, which would have entitled him to a two-level guideline reduction for acceptance of responsibility; (2) move the district court to dismiss the superseding indictment based upon a violation of the Speedy Trial Act and the government's bad faith in obtaining the superseding indictment; and (3) investigate his mental health and raise an insanity defense at trial. On appeal, Collins challenges the district court's rejection of each of these claims on the merits, and additionally contends that the district court erred in denying his first claim for relief without holding an evidentiary hearing because a factual dispute existed as to whether he conveyed his desire to plead guilty to trial counsel.

We review claims of ineffective assistance of counsel *de novo*. *Chandler v. United States*, 218 F.3d 1305, 1312 (11th Cir. 2000) (*en banc*). We may affirm on any ground supported by the record, even if not relied upon by the district court.

*Trotter v. Sec'y, Dep't of Corr.*, 535 F.3d 1286, 1291 (11th Cir. 2008).

The Sixth Amendment right to counsel guarantees the right to the effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052, 2063-64, 80 L.Ed.2d 674 (1984). In order to succeed on a claim of ineffective assistance of counsel, a movant must show both that (1) counsel's performance fell below an objective standard of reasonableness, and (2) a reasonable probability exists that the result of the proceeding would have been different but for counsel's deficiency. *Chandler*, 218 F.3d at 1312-13.

Counsel's performance is measured under prevailing professional norms, and the burden falls on the movant to prove that counsel's performance was unreasonable. *Id*. at 1313. We presume that counsel's performance was reasonable, and a movant only rebuts this presumption by demonstrating that no competent counsel would have engaged in the course of conduct that counsel took. *Id*. at 1314-15. With respect to the prejudice prong, a reasonable probability is a probability sufficient to undermine confidence in the outcome. *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068. We do not have to address counsel's performance if the movant cannot demonstrate sufficient prejudice. *Strickland*, 466 U.S. at 697, 104 S.Ct. at 2069.

## I. Guilty Plea

When calculating the applicable range under the Sentencing Guidelines, a defendant may receive a two-level reduction in his offense level if he clearly demonstrates acceptance of responsibility for his offense, although such a reduction is not a matter of right for a defendant who pleads guilty. U.S.S.G. § 3E1.1(a) (2005); *United States v. Wade*, 458 F.3d 1273, 1279 (11th Cir. 2006). The defendant carries the burden of clearly demonstrating his acceptance of responsibility, and must present more than just a guilty plea. *Wade*, 458 F.3d at 1279. A guilty plea prior to trial, in combination with the truthful admission of the offense conduct, is significant evidence of acceptance of responsibility. *Id*. In considering whether a defendant qualifies for a reduction for accepting responsibility, the district court may consider the timeliness of the defendant's manifestation of acceptance of responsibility. U.S.S.G. § 3E1.1, comment. (n.1(h), n.6) (2005).

Section 3E1.1 is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and then later admits guilt and expresses remorse. U.S.S.G. § 3E1.1, comment. (n.2) (2005). A conviction at trial, however, does not automatically preclude an offense level reduction for acceptance of responsibility.

*Id.* In rare situations, such as where a defendant goes to trial to assert issues unrelated to his factual guilt, a defendant may clearly demonstrate an acceptance of responsibility for his offense although he went to trial. *Id.* In such an instance, however, the determination will be based primarily upon the defendant's pre-trial statements and conduct. *Id.*

Collins did not show that he was prejudiced by counsel's alleged failure to inform the district court of his mid-trial desire to plead guilty. Collins maintained that he formulated his desire to plead guilty after the trial began, and only did so because he saw the weight of the government's evidence against him. Accordingly, Collins did not demonstrate a reasonable probability that he would have received a two-level reduction for accepting responsibility absent trial counsel's allegedly deficient performance.

## II. Evidentiary Hearing

We review a district court's denial of an evidentiary hearing for an abuse of discretion. *Aron v. United States*, 291 F.3d 708, 714 n.5 (11th Cir. 2002). An evidentiary hearing is required unless the motion, files, and records of the case conclusively show that the movant is not entitled to any relief. *Id.* at 714. If the movant alleges facts that, if true, would entitle him to relief, then the district court should order an evidentiary hearing. *Id.* at 714-15.

Because Collins's motion, if taken as true, and the record conclusively established that he did not suffer any prejudice by trial counsel's alleged failure to inform the district court of his desire to plead guilty, the district court did not abuse its discretion by denying this ineffective-assistance-of-counsel claim without an evidentiary hearing.

### III.  Speedy Trial Act and Governmental Bad Faith

Under the Speedy Trial Act, an indictment must be filed within 30 days from the date of an individual's arrest.  18 U.S.C. § 3161(b) (2004).  A superseding indictment that issues more than 30 days after the arrest, but before the original indictment is dismissed, does not violate § 3161(b).  *United States v. Mosquera*, 95 F.3d 1012, 1013 (11th Cir. 1996).

The Speedy Trial Act also requires that the trial of a defendant commence within 70 days from the later of the filing date of the indictment, or the date the defendant appeared before a judicial officer of the appropriate court.  18 U.S.C. § 3161(c)(1) (2004).  A jury trial commences, for purposes of the Speedy Trial Act, when the district court begins *voir dire*.  *United States v. Gonzalez*, 671 F.2d 441, 443 (11th Cir. 1982).  The filing of a superseding indictment does not reset the Speedy Trial Act clock for charges that were included in the original indictment.  *United States v. Young*, 528 F.3d 1294, 1295-97 (11th Cir. 2008).

6

Certain periods of time, however, are excluded from the calculation of the 70-day period. *See* 18 U.S.C. § 3161(h) (2004). Any delay resulting from a pretrial motion is excluded, and this period runs "from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." *Id*. § 3161(h)(1)(F) (2004). With respect to a motion for which a hearing is required, the entire period from the filing of the motion to the hearing on that motion is excluded without reference to whether that time period was unreasonable. *United States v. Davenport*, 935 F.2d 1223, 1228 (11th Cir. 1991). If, after the hearing, the court has all of the materials necessary to rule on the motion, it has the motion under advisement immediately following the hearing. *Id*. From that date, any delay reasonably attributable to the period during which the motion is under advisement by the district court, which cannot exceed 30 days, is excludable. 18 U.S.C. § 3161(h)(1)(J) (2004); *Davenport*, 935 F.2d at 1228. A delay resulting from a codefendant's motion is excludable as to each codefendant. *United States v. Twitty*, 107 F.3d 1482, 1488 (11th Cir. 1997).

Likewise, any period of delay that results from a continuance granted by the district court is excludable if the district court grants the continuance on the basis of a finding that "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C.

7

§ 3161(h)(8) (2004). This time period, however, is only excludable if the district court sets forth in the record, whether orally or in writing, its reasons for finding that the ends of justice served by granting the continuance outweigh the best interests of the public and the defendant in a speedy trial. *Id*.

Unsubstantiated and conclusory allegations are insufficient to establish constitutional violations that will support granting a motion to vacate. *United States v. Jones*, 614 F.2d 80, 81-82 (5th Cir. 1980).[1]

The district court erred by concluding that the filing of the superseding indictment reset the Speedy Trial Act clock. Nonetheless, Collins did not establish that trial counsel's failure to move to dismiss the superseding indictment based upon an alleged violation of the Speedy Trial Act was deficient or prejudicial. When one computes the days excludable due to Green's motions, the period the district court considered those motions, and the district court's continuance, fewer than seventy days elapsed.

Moreover, counsel adopted a codefendant's motion to dismiss the superseding indictment based upon the government's bad faith, and the district

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981)(en banc), this Court adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

8

court ultimately denied that motion on the merits. Collins's attorney, therefore, did not render deficient performance in this regard. In any event, Collins's unsubstantiated and conclusory statements that the government obtained the superseding indictment in bad faith were insufficient to support a showing of prejudice.

## IV. Insanity Defense

It is an affirmative defense that, at the time of the offense, the defendant was unable to appreciate the nature and quality or the wrongfulness of his acts as a result of a severe mental disease or defect. 18 U.S.C. § 17(a). A mental disease or defect alone is not a defense. *Id*. The defendant bears the burden of proving an insanity defense by clear and convincing evidence. *Id*. § 17(b).

Collins did not show that he was prejudiced by trial counsel's alleged failure to investigate his mental health and raise an insanity defense. Neither the information contained in the presentence investigation report concerning his psychological history, nor the evidence of his offense conduct, tended to establish that he was insane at the time of his offenses, and Collins's bare and unsubstantiated assertions that a reasonable probability existed that a jury would have found him insane had trial counsel conducted an investigation were insufficient to support his motion to vacate.

After careful review of the record and the parties' briefs, we affirm the district court's denial of Collins's motion to vacate.

**AFFIRMED.**